IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA D. SOMMERS, | ) | Civil No. 16-558 JMS-KJM |
| | ) | |
| Plaintiff, | ) | (1) FINDINGS AND |
| | ) | RECOMMENDATION |
| vs. | ) | TO DENY DEFENDANTS |
| | ) | KAY OKAMOTO, ROY |
| KAY OKAMOTO; ROY | ) | OKAMOTO, AND OKAMOTO |
| OKAMOTO; OKAMOTO | ) | REALTY'S MOTION TO |
| REALTY, | ) | DISMISS, AND (2) ORDER |
| | ) | DENYING PLAINTIFF MARIA |
| Defendants. | ) | D. SOMMERS'S MOTION TO |
| | ) | ENTER DEFAULT |
| | ) | JUDGMENT |
| _____ | ) | |

(1) FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS KAY OKAMOTO, ROY OKAMOTO, AND OKAMOTO REALTY'S MOTION TO DISMISS, AND (2) ORDER DENYING PLAINTIFF MARIA D. SOMMERS'S MOTION TO ENTER DEFAULT JUDGMENT

On October 28, 2016, Defendants Okamoto Realty, Roy Okamoto ("R. Okamoto"), and Kay Okamoto (K. Okamoto") (collectively, "Defendants") filed a Motion to Dismiss the Complaint for Insufficient Service of Process ("Motion to Dismiss"). *See* ECF No. 4-1. Plaintiff Maria D. Sommers ("Plaintiff" or "Sommers") filed an opposition to the Motion to Dismiss on November 1, 2016. *See* ECF No. 5. Defendants filed a reply to Plaintiff's opposition on November 14, 2016. *See* ECF No. 9.

1

On November 30, 2016, Plaintiff filed a Motion to Enter Default Judgment.  *See* ECF No. 13.  Defendants did not file an opposition to the Motion to Enter Default Judgment.

The Court finds both of these motions suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After reviewing the parties' submissions and the record established in this action, the Court RECOMMENDS that the District Court DENY Defendants' Motion to Dismiss and exercise its discretion to quash service.  Should the District Court adopt this Court's recommendation to quash service, this Court further RECOMMENDS that Plaintiff be given 30 days from the date the District Court issues its order to properly serve Defendants.  In addition, the Court DENIES Plaintiff's Motion to Enter Default Judgment.

BACKGROUND

On October 14, 2016, Plaintiff filed a Complaint which alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1964.  *See* ECF No. 1.  On or about October 14, 2016, Plaintiff mailed the Complaint and Summons via certified mail to Okamoto Realty.  *See* ECF Nos. 4-5; ECF No. 5-1.  The name and address on the certified mail envelope and Certificate of Service attached to the Complaint is Okamoto Realty, 338 8th Street, Lanai City, Hawaii.  Although this is the correct business address

for Okamoto Realty, it is not the address of either of the two individual defendants. *Id.* The individual defendants claim that they were never served with the Summons and Complaint. *See* ECF Nos. 4-2, 4-3 (Declarations of R. Okamoto and K. Okamoto). Okamoto Realty argues that Plaintiff's attempt to serve it via certified mail is improper. *See* ECF No. 4. Accordingly, Defendants seek to dismiss the Complaint for failure to make sufficient process of service.

DISCUSSION

I.  Motion to Dismiss for Insufficient Service of Process

Defendants claim that the Complaint should be dismissed due to lack of proper service under the Federal Rules of Civil Procedure ("FRCP"). *See* ECF No. 4. The Court notes that Plaintiff has the option of serving Defendant pursuant to the FRCP or the Hawaii Rules of Civil Procedure ("HRCP"). *See* Fed. R. Civ. P. 4(e)(1); 4(h)(1)(A). It is not clear whether Plaintiff intended to serve Defendants under the FRCP or the HRCP. Because the federal and Hawaii Rules applicable to the disposition of this matter are substantively identical, however, there is no conflict which might affect the Court's decision. For purposes of this Findings and Recommendation, the Court shall analyze the application of both the FRCP and the HRCP to Defendants' Motion to Dismiss.

Defendants allege that Plaintiff did not properly serve the Summons and Complaint. *See* ECF No. 4. Defendants assert that the individual Defendants

were not served with any notice of the Complaint and that Plaintiff's attempt to serve Defendant Okamoto Realty by certified mail does not constitute valid service of process. *Id.* Plaintiff counters that service by certified mail is proper and that Defendants' motion is frivolous. *See* ECF No. 5 at 1, 2. Plaintiff seeks sanctions against Defendants. *See* ECF No. 5 at 2.

For the reasons set forth below, the Court finds that Plaintiff has not properly served Defendants with the Summons and Complaint. Because the deadline for service of the Complaint has not expired, however, and Plaintiff still has time to properly effect service, the Court recommends that the District Court exercise its discretion to retain the case and quash service.

A. Plaintiff has not properly served Defendants

Defendants move to dismiss this case pursuant to FRCP 12 for insufficient service of process. *See* ECF Nos. 4 at 2; 4-1 at 7. Although Defendants did not so specify, the Court presumes that Defendants' reference to FRCP 12 is based on FRCP 12(b)(5).[1] *See* Fed. R. Civ. P. 12(b) ("[A] party may assert the following defenses by motion . . . (5) insufficient service of process . . ."). Both FRCP and HRCP allow a defendant to move for dismissal of an action if proper service of the summons and complaint have not been made. *See* Fed. R. Civ. P.

---

[1] The language of FRCP 12 and HRCP 12 which apply to the matter here is identical.

12(b)(5).  Where a defendant alleges that the plaintiff has not complied with the requirements to effect service of process, the plaintiff has the burden of proving that service was made in accordance with the applicable rules of civil procedure. *See Taniguchi v. Native Hawaiian Office of Atty. Gen.,* 2009 WL 1404731, at *2 (D. Haw. May 15, 2009).

  The service of a Complaint and Summons upon an individual or corporate defendant under the FRCP is governed by FRCP 4.  Under FRCP 4(c), any person who is at least 18 years old and not a party to the action may serve a summons and complaint.  FRCP 4(e) governs service of an individual within the United States.  The Rule requires personal service of the summons and complaint upon the defendant; or upon a person over the age of 18 who is at the defendant's residence; or upon the defendant's authorized agent.  Fed. R. Civ. P. 4(e).  FRCP 4(h) governs the service of process upon a corporate entity and states in relevant part that a corporation must be served, "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to . . ." an authorized agent or any other agent authorized "by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant."

  HRCP 4 mirrors the federal rule for service of process.  Under HRCP 4(c), service shall be made by any person who is at least 18 years old and not a

party.  HRCP 4(d)(1) states that service shall be made upon an individual, by delivering a copy of the summons and the complaint to (A) "the individual personally or . . . [by] leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) . . . to an agent authorized by appointment or by law to receive service of process."  When serving a corporate entity, service is made by delivering the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."  Haw. R. Civ. P. 4(d)(3).

Hawaii Revised Statutes sections 634-23 and 634-24 only allow service by certified mail if a plaintiff, after due diligence, cannot serve the defendant and obtains a court order allowing service by such means.  Haw. Rev. Stat. § 634-24 (2016).  The Court finds that under both federal and state rules for service of process the Plaintiff has not properly served Defendants.

First, Plaintiff did not provide any evidence that individual Defendants K. and R. Okamoto had received any notice of the Summons or Complaint. According to Exhibit B of the Motion to Dismiss (ECF No. 4-6) and Exhibit A of Plaintiff's opposition to the Motion to Dismiss (ECF No. 5-1), the Summons and

the envelope allegedly containing the Summons and Complaint are addressed only to Okamoto Realty and was sent to Okamoto Realty's corporate address. As discussed above, a summons and complaint must be served via personal delivery. Second, Plaintiff served Defendant Okamoto Realty by certified mail. This method of service is only proper when authorized by court order. *See* Haw. Rev. Stat. § 634-24. Plaintiff has not applied to this Court to serve Defendants via certified mail and the Court has not granted Plaintiff authorization for that method of service. Third, as a party to the action, Plaintiff is prohibited from personally serving the complaint to Defendants. Even if service via certified mail were proper, which it is not, the FRCP 4 bars Plaintiff from being the person sending process. *See Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010) (district court did not err in dismissing case when plaintiff failed to serve United States and federal officials under Fed. R. Civ. P. 4(i) when she herself mailed process to Attorney General rather than having this done by another person who was not a party). As indicated by Exhibit B (ECF No. 4-6), however, Plaintiff sent the Complaint to Okamoto Realty.

Plaintiff claims that she did comply with the applicable rules for service of process. *See* ECF No. 5 at 1. She appears, however, to rely on FRCP 5 in support of her claim and that Rule does not apply to service of initial pleadings. FRCP 5 applies to the service of motions, orders, and other pleadings after the

Summons and Complaint have been filed. The Rules applicable to this matter are FRCP 4 or HRCP 4.

Plaintiff asserts that "defendant did not send the plaintiff a filed stamped copy as according to Federal Rules of Civil Procedure rule 5(d)(1)." *Id*. The record reflects that Defendants sent their motion papers to Plaintiff at the address listed on the Complaint. *See* ECF No. 4-7. In addition, Plaintiff included in her opposition to the Motion a file-stamped copy of pg. 1 of the Motion. *See* ECF No. 5-2. It is unclear whether Plaintiff obtained this from the Defendants as Defendants allege, or whether it was obtained by some other means. Nonetheless, based on the Court record, the Court is satisfied that Defendants have met their obligation to deliver a copy of the Motion to Dismiss to Plaintiff.

For the reasons stated above, the Court finds that Plaintiff has not properly served Defendants.

B.  The Court Recommends Quashing Service

"When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the action or to retain the case but to quash the service that has been made on the defendant." *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion."). It is inappropriate to dismiss a complaint where "there exists a reasonable prospect that service may yet be

obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Moletech Global Hong Kong Ltd. v. Pojery Trading Co.,* No. C 09–00027 SBA, 2009 WL 506873, at *3 (N.D. Cal. Feb. 27, 2009) (quoting *Umbenhauer v. Woog,* 969 F.2d 25, 30–31 (3rd Cir. 1992) (citing, *inter alia*, 5AB Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (2004))); *Arasan Chip Sys., Inc. v. Sonix Tech. Co.*, No. 509-CV-02172 JF PVT, 2010 WL 890424, at *1 (N.D. Cal. Mar. 8, 2010).

Pursuant to FRCP 4(m) Plaintiff has 90 days after the filing of the Complaint to serve process on Defendants.[2] *See* Fed. R. Civ. P. 4(m). Plaintiff filed her Complaint on October 14, 2016. Two weeks after the filing of the Complaint, Defendants filed the Motion to Dismiss on October 28, 2016. *See* ECF No. 4. At the time the Motion to Dismiss was filed, Plaintiff had until January 12, 2017 to properly and timely serve her Complaint against Defendants. Because Plaintiff still had 76 days to properly serve the Complaint

---

[2] Under FRCP 4(m):
> if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Case 1:16-cv-00558-JMS-KJM   Document 20   Filed 01/05/17   Page 10 of 13   PageID #: 89


when the Motion to Dismiss was filed, there exists a reasonable possibility that Plaintiff could properly serve Defendants on or before January 12, 2017.

Plaintiff argues that the Motion to Dismiss is frivolous.  *See* ECF No. 5 at 1. Because Defendants are within their rights to file a motion to dismiss under the FRCP and HRCP, the Court makes no finding that their actions were frivolous.

For the foregoing reasons, the Court RECOMMENDS that the District Court retain the case and quash service.  Should the District Court adopt this Court's recommendation to retain the case and quash service, this Court further RECOMMENDS that the District Court provide Plaintiff with an additional 30 days from the issuance of its order to properly serve Defendants.

II.     Motion for Default Judgment

On November 30, 2016, Plaintiff filed a Motion to Enter Default Judgment for the Plaintiff.  *See* ECF No. 13.  Under both the federal and Hawaii state rules of civil procedure, Plaintiff's motion is without merit.  An answer to a complaint must be filed within 21 days of service of process under FRCP 12(a) and within 20 days of service of process under HRCP Rule 12(a).  In lieu of filing an answer, certain defenses, including the defense of insufficiency of process, may be raised by way of motion.  *See* Fed. R. Civ. P. 12(b)(4) and (5); Haw. R. Civ. P. 12(b)(4) and (5).  The motion must be made within the time period required for filing an answer.  *See* Fed. R. Civ. P. 12(b); Haw. R. Civ. P. 12(b).

Plaintiff never served the individual Defendants and did not make proper service of process upon the corporate Defendant. The time for filing an answer does not start to run until service has been properly made. Based on this fact alone, Plaintiff's motion must fail since the time for filing an answer had not begun to toll yet. In addition, 14 days after the filing of the Complaint, Defendants filed a motion to dismiss the Complaint based on insufficiency of service of process. Defendants' motion was made in lieu of an answer and within the time period for filing an answer. *See* Fed. R. Civ. P. 12(b). Pursuant to the FRCP and the HRCP, Defendants are not in default.

In addition, judgment by default cannot be entered until the Clerk of the Court has entered default against the non-responding party. *See United States of America v. McHugh*, 2015 WL 620168, at *1 ("Because default has not been entered against Defendant, Plaintiff may not obtain default judgment."). The Clerk of Court has not entered default against any defendant in this case. Entry of default judgment is "a 'two-step process,' consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment." *Hofelich v. Lacy*, 2014 WL 2115219, at *1 (D. Haw. Mar. 25, 2014) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) and *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).

Because Defendants were not properly served with the Summons and Complaint, they have no obligation to file an answer as of this date and default cannot be entered against them. Accordingly, Plaintiff's Motion to Enter Default Judgment is DENIED.

## CONCLUSION

The Court FINDS that Plaintiff has not properly served process upon Defendants. Since the time period in which Plaintiff may serve the Summons and Complaint has not expired and in the interests of justice and judicial economy, the Court RECOMMENDS that the District Court exercise its discretion and retain the case and quash service. Should the District Court adopt this Court's recommendation to quash service, this Court further RECOMMENDS that the District Court provide Plaintiff an additional 30 days from the date the District Court issues it order for Plaintiff to properly serve Defendants. In addition, the Court DENIES Plaintiff's Motion to Enter Default Judgment.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 4, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Sommers v. Okamoto Realty, et al.*; CV 16-00558 JMS-KJM; F&R to Deny Defendants' Motion to Dismiss for Insufficient Service of Process and Order Denying Plaintiff's Motion to Enter Default Judgment.