IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA D. SOMMERS, | Civ. No. 16-00558 JMS-KJM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 30 |
| vs. | |
| LINDA KAY OKAMOTO; ROY OKAMOTO; OKAMOTO REALTY, | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 30

## I. INTRODUCTION

On October 14, 2016, pro se Plaintiff Maria D. Sommers ("Plaintiff") filed this civil action against Defendants Linda Kay Okamoto ("Kay"), Roy Okamoto ("Roy"), and Okamoto Realty (collectively, "Defendants") alleging violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Compl., ECF No. 1.[1] On March 9, 2017, Plaintiff filed the instant Motion for Summary Judgment (the "Motion"). ECF No. 30. Pursuant to

---

[1] On January 17, 2017, Plaintiff filed a two-page document titled "First Amended Complaint" that amends only the amount of requested damages and punitive damages -- treble damages of ten million dollars and punitive damages of 10 million dollars -- against each Defendant. ECF No. 22. Because the First Amended Complaint seeks to amend, but not replace, the original Complaint, the court construes the two documents together as Plaintiff's Complaint.

Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.  For the reasons set forth below, the Motion is DENIED.

## II.  <u>BACKGROUND</u>

As alleged in the Complaint, Kay owns Okamoto Realty and Roy is Kay's husband.  Compl. ¶¶ 2-4.  The Complaint alleges a conspiracy between Roy and Kay, as owner of Okamoto Realty.  Specifically, it alleges that on or about May 25, 2016, Roy ignored "NO trespassing" signs on Plaintiff's property, entered Plaintiff's home, and sifted through Plaintiff's tenant's belongings, thereby allegedly committing robbery, theft, and criminal trespassing.  *Id.* ¶ 5.  The Complaint further alleges that Roy and Kay conspired to intimidate and harass Plaintiff's tenant in an attempt to force him to leave the premises, went to the tenant's work place, offered the tenant a bribe of $2,500 to vacate Plaintiff's property, and threatened to change the locks if the tenant refused to leave.  *Id.* ¶¶ 6, 7.  Roy and Kay allegedly "run[] the only real estate enterprise, firm on the island" and use that enterprise to "bull[y] people off their land with threats of foreclosures and forfeitures."  *Id.* ¶ 9.  The Complaint alleges that by these actions, Defendants have committed civil RICO violations.

## III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).  If the moving party carries its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law."  *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

///

///

# IV. <u>DISCUSSION</u>

Plaintiff argues that her Motion is based on "police reports, text, e-mail, and a voice recording of [Kay]," and therefore there are "no genuine issues of material facts as to each element of the Plaintiff's legal claim." The court disagrees. As discussed below, Plaintiff's Motion neither complies with the Local Rules of Practice for the United States District Court for the District of Hawaii, nor demonstrates that Plaintiff is entitled to judgment.

## A.     Failure to Comply With Local Rule 56.1

Plaintiff, even though proceeding pro se, is required to "abide by all local, federal, and other applicable rules and/or statutes." Local Rule ("LR") 83.13. That is, the Ninth Circuit's "policy of liberal construction in favor of pro se litigants," *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998), does not stretch so far as to excuse a pro se litigant from complying with "the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quotation marks and citation omitted).

LR 56.1 provides that a summary judgment motion shall be accompanied by "a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination" of the motion. The rule further provides that each fact referenced in the concise statement "shall contain a citation

to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact." LR 56.1(c). Finally, "[a]ffidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall . . . be attached to the concise statement." LR 56.1(h).

Plaintiff's Motion fails to comply with LR 56.1. Plaintiff failed to file a separate concise statement of facts, setting forth undisputed facts necessary to establish entitlement to judgment, and attaching authenticated exhibits supporting those facts. Even construing the section in the Motion titled "Statement of Undisputed Facts" as a separate concise statement, this "Statement" consists of mostly argument and some conclusory allegations. Moreover, the exhibits attached to the Motion are not authenticated by an affidavit or declaration. And finally, the exhibits do not show that Plaintiff's allegations are undisputed facts. For example, what appears to be a police report containing an officer's summary of statements from Plaintiff, Kay, and Roy, following events on May 25, 2016, shows that there may be disputes over who owns the property at issue, whether Roy had authorization to enter the property, whether Roy broke into the property or entered through an open door, and whether Roy touched any of the tenant's belongings. *See* Pl.'s Ex. "A," ECF No. 30-1.

Plaintiff's failure to comply with LR 56.1 is reason enough to deny her Motion.

**B.     Failure to Establish Entitlement to Judgment on Civil RICO Claim**

Alternatively, Plaintiff failed to establish that she is entitled to judgment as a matter of law.  "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l., LP.*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (setting forth elements of a civil RICO claim).  The fifth element requires a showing that a plaintiff's injury was proximately caused by the racketeering activity and proof that plaintiff suffered a concrete financial loss, not merely an injury to a valuable tangible property interest.  *See Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2003); *see also Chaset*, 300 F.3d at 1086-87.  Plaintiff's allegations fall far short of stating, let alone proving, a civil RICO claim.

First, the Motion neither alleged nor provided evidence establishing the existence of an enterprise, defined as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  At most, the Complaint alleges that Okamoto Realty is an enterprise.  But that is

6

not sufficient -- to obtain summary judgment, essential facts must be set forth in a concise statement of fact and be supported by evidence. *See* LR 56.1(a). Plaintiff has done neither.

Second, neither the Complaint nor the Motion alleges or proves that Plaintiff suffered damage to her business or property. Plaintiff's allegation that Defendants broke into her home, absent any allegation of concrete compensable damage resulting from the intrusion, does not suffice. *See Savine-Rivas v. Farina*, 1002 WL 193668, at *3 (E.D.N.Y. Aug. 4, 1992) (finding allegation that defendants broke into plaintiff's residence, without more, insufficient to state damage to business or property).

Third, Plaintiff alleges several acts that do not qualify as predicate racketeering activities. Section 1961(1) outlines an extensive list of what "racketeering activity" may include, "ranging from criminal copyright activities, the facilitation of gambling, and mail fraud to arson, kidnapping and murder." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 479 (2006) (citing 18 U.S.C. § 1961(1)). Plaintiff alleges that Defendants' racketeering activities include burglary, trespass, harassment, theft, coercion, intimidation, and breaking and entering. None of these acts qualifies as a predicate racketeering activity under RICO. *See* § 1961(1).

Fourth, Plaintiff failed to allege and prove elements of predicate acts that could be racketeering activities.  Plaintiff alleged that Defendants engaged in robbery, bribery, and extortion, all of which could be predicate racketeering activities under RICO.  *See id.* (including state-law robbery, bribery, and extortion as racketeering activities).  But merely alleging these predicate activities, without alleging or proving the elements of those crimes under Hawaii law, is not sufficient.  *See Valvanis v. Milgroom*, 2008 WL 2164652, at *7 (D. Haw. May 22, 2008) (explaining that to prevail on summary judgment, a plaintiff must do more than summarily assert that a defendant committed a particular predicate act -- a plaintiff must also show that there is no genuine issue of material fact with respect to the elements making up the predicate act).  Here, Plaintiff failed to allege, let alone prove, the required elements of the state-law predicate acts.[2]  In short, by failing to provide evidence establishing each element of the predicate acts, Plaintiff has failed to establish that Defendants engaged in racketeering activities under RICO.

Fifth, Plaintiff has failed to establish the existence of a pattern of racketeering activity.  A "pattern of racketeering activity" requires engaging in at

---

[2] For example, Plaintiff failed to provide evidence that a Defendant used force against a person in the course of committing a theft, a required element of robbery under Hawaii law.  *See* Hawaii Revised Statutes ("HRS") §§ 708-840, -841.  Similarly, bribery under Hawaii law requires the involvement of a public servant, *see* HRS § 710-1040, but Plaintiff has neither alleged nor submitted undisputed evidence of this element.  Nor does Plaintiff explain how Defendants committed extortion in violation of HRS § 707-764.

least two predicate acts of racketeering activity. 18 U.S.C. § 1961(5).  Because

Plaintiff failed to establish the Defendants engaged in any racketeering activity,

she necessarily failed to establish a pattern of racketeering activity.

   In sum, Plaintiff has failed to establish that she is entitled to judgment

as a matter of law on her civil RICO claim.

## V. <u>CONCLUSION</u>

   Based on the foregoing, the court finds that Plaintiff failed to comply

with LR 56.1 and failed to establish that she is entitled to judgment on her civil

RICO claim.  Therefore, her Motion for Summary Judgment is DENIED.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, March 16, 2017.



   /s/ J. Michael Seabright
   J. Michael Seabright
   Chief United States District Judge

*Sommers v. Okamoto, et al.*, Civ. No. 16-00558 JMS-KJM, Order Denying Plaintiff's Motion
For Summary Judgment, ECF No. 30