IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA D. SOMMERS,<br><br>    Plaintiff,<br><br> vs.<br><br>LINDA KAY OKAMOTO; ROY OKAMOTO; OKAMOTO REALTY,<br><br>    Defendants. | Civ. No. 16-00558 JMS-KJM<br><br>ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (WHICH THE COURT CONSTRUES AS A MOTION TO DISMISS), ECF NO. 79 |

**ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (WHICH THE COURT CONSTRUES AS A MOTION TO DISMISS), ECF NO. 79**

**I. INTRODUCTION**

On October 14, 2016, pro se Plaintiff Maria D. Sommers ("Plaintiff") filed this civil action against Defendants Linda Kay Okamoto ("Kay"), Roy Okamoto ("Roy"), and Okamoto Realty (collectively, "Defendants") alleging violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Compl., ECF No. 1.[1] On April 10, 2018, Defendants filed the instant Motion for Summary Judgment (the "Motion"). ECF No. 79. Because

---
[1] On January 17, 2017, Plaintiff filed a two-page document titled "First Amended Complaint" that amends only the amount of requested damages and punitive damages — treble damages of ten million dollars and punitive damages of ten million dollars — against each Defendant. ECF No. 22. Because Plaintiff is pro se, the court construes the two documents together as Plaintiff's Complaint.

the court determines that Defendants could have made the same arguments in a Motion to Dismiss as opposed to a Motion for Summary Judgment, the court construes Defendants' Motion as a Motion to Dismiss. And so construed, Plaintiff's Complaint is DISMISSED, with leave to amend.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, Kay owns Okamoto Realty and Roy is Kay's husband. Compl. ¶¶ 2-4. The Complaint alleges that on or about May 25, 2016, Roy ignored "NO trespassing" signs on Plaintiff's property located at 1539 Pakali Place, Lanai City, Hawaii (the "subject property"), entered the home, and sifted through Plaintiff's tenant's belongings, thereby allegedly committing robbery, theft, and criminal trespassing. *Id.* ¶ 5. The Complaint alleges that Plaintiff holds "the title deed to the house" and that she "gave no authorization for defendants to enter her property." *Id.* ¶¶ 6, 8. The Complaint further alleges that Roy and Kay conspired to intimidate and harass Plaintiff's tenant in an attempt to force him to leave the premises, went to the tenant's work place, offered the tenant a "bribe" of $2,500 to vacate Plaintiff's property, and threatened to change the locks if the tenant refused to leave. *Id.* ¶¶ 6, 7. Roy and Kay allegedly "run[] the only real estate enterprise, firm on the island" and use that enterprise to "bull[y] people off their land with threats of foreclosures and forfeitures." *Id.* ¶ 9. The

Complaint alleges that by these actions, Defendants have committed civil RICO violations.

Although not clear, Plaintiff appears to allege the following offenses as RICO "racketeering" activities: 1) running a real estate business monopoly on the island of Lanai; 2) extortion; 3) bribery; 4) breaking and entering; 5) trespass; 6) robbery; 7) intimidation; 8) bullying; and 9) conspiracy to commit fraud.[2]

**B.     Procedural Background**

Defendants filed the Motion on April 10, 2018.  ECF No. 79.  On April 11, 2018, the court entered an order stating the Motion would be heard on July 16, 2018 at 10:00 a.m., and that Plaintiff's opposition to the Motion was due by June 18, 2018.  ECF No. 81.  The court also provided Plaintiff with a notice to pro se litigants, setting forth the general nature of a motion for summary judgment and Plaintiff's obligation under Federal Rule of Civil Procedure 56.  *Id*.

Plaintiff filed no Opposition to the Motion.  Defendants filed a Reply on June 25, 2018.  ECF No. 96.  Plaintiff failed to appear for the July 16, 2018 hearing.

---

[2]  Although Plaintiff also mentions the Fifth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution in her Complaint, there is no state action alleged that could give rise to a claim under 42 U.S.C. § 1983.  *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128 (9th Cir. 2012) (setting forth four tests to determine whether a private party's actions can be deemed state action under § 1983).

## III. STANDARDS OF REVIEW

Although brought as a Motion for Summary Judgment, the appropriate vehicle to address the issues raised here is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The court reaches this conclusion for several reasons. First, the Motion fails to adequately address a glaring legal deficiency in the RICO claim — many of the alleged offenses do not qualify (as a matter of law) as racketeering activity under RICO. Second, the Motion fails to address some of the offenses that do qualify as racketeering activities in the context of specific allegations in the Complaint. Third, the specific offense that is addressed (trespassing), does not qualify as a RICO racketeering activity. And fourth, the Motion can be determined solely on the sufficiency of the Complaint's allegations.

"A court may convert a motion for summary judgment into a [Rule] 12(b)(6) motion to dismiss a complaint for failure to state a claim without notice to either party." *Scafe v. Pataki*, 2009 WL 2707317, at *6 (E.D.N.Y. Aug. 26, 2009) (recognizing that "[c]onversion is appropriate when the court does not examine extrinsic evidence, but instead bases its decision solely on the pleadings"); *see also Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."); *Fields v. Wise Media, LLC*, 2013 WL

3812001, at *4 (N.D. Cal. July 19, 2013) ("Although defendant's motion is styled as a motion for summary judgment based on factual matters, . . . [a]s to arguments defendant raises based solely on the sufficiency of the allegations in the complaint, this order will consider those arguments as a motion to dismiss for failure to state a claim."); *Pascual v. Aurora Loan Servs., LLC*, 2012 WL 2355531, at *2 (D. Haw. June 19, 2012) (construing summary judgment motion as a motion to dismiss); *Sutor v. FEMA*, 2009 WL 2004375, at *3 n.4 (E.D. Pa. July 9, 2009); *Cabrita Point Dev., Inc. v. Evans*, 2008 WL 5455405, at *6 (D.V.I. Dec. 31, 2008) (dismissing at summary judgment a claim under the Rule 12(b)(6) standard because an element was insufficiently pled).

Under Rule 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes that all factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, pursuant to Rule 12(b)(6), a court may dismiss a claim sua sponte and without notice where the claimant "cannot possibly win relief." *Sparling v. Hoffman Constr. Co*., 864 F.2d 635, 638 (9th Cir. 1988) (internal

5

quotation marks and citation omitted); *Omar v. Sea-Land Serv., Inc*., 813 F.2d 986, 991 (9th Cir. 1987); *see also Barnard v. U.S. Gov't*, 635 F. App'x 388, 388 (9th Cir. 2016) (determining that district court properly dismissed complaint sua sponte because the "claims lacked any arguable basis in law or fact"); *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

Because Plaintiff is proceeding pro se, the court construes her pleadings liberally and affords her the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). In giving liberal interpretation to a pro se complaint, however, the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011).

## IV. <u>DISCUSSION</u>

RICO provides a civil remedy, which specifies in part that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C.

6

§ 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit[.]" 18 U.S.C. § 1964(c). "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l.*, LP, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (reiterating elements of a civil RICO claim). "A plaintiff must show that the defendant's RICO violation was not only a 'but for' cause of his injury, but that it was a proximate cause as well." *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 773 (9th Cir. 2002) (citing *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268-69 (1992)) (other citation omitted). "Some 'direct relationship' between the injury asserted and the injurious conduct is necessary." *Id*. (quoting *Holmes*, 503 U.S. at 269).

"'[T]o conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs,' § 1962(c), one must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). "[O]ne must have some part in directing those affairs." *Id*. at 179. An "enterprise," for purposes of RICO, includes "any individual, partnership,

corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A "pattern" under RICO "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). "Racketeering activity" includes a list of various state and federal offenses specifically enumerated in 18 U.S.C. § 1961.

As an initial matter, Plaintiff's Complaint alleges the violation of various laws that do not qualify as "racketeering activity" under § 1961. For example, the following offenses (even if proven) cannot form the predicate racketeering acts under RICO: (1) a violation of the Sherman Act relating to monopolies; (2) breaking and entering; (3) trespass; (4) intimidation; and (5) bullying. *See* 18 U.S.C. § 1961.

Further, Plaintiff cannot prove a state bribery offense[3] against either Kay or Roy Okamoto. Under state law, a person commits the offense of bribery if "[t]he person confers, or offers or agrees to confer, directly or indirectly, any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion, or other action in the public servant's official capacity." Hawaii Revised Statutes ("HRS") § 710-1040.

---

[3] A robbery, bribery, or extortion offense under state law punishable by imprisonment for more than one year qualifies as racketeering activity under § 1961.

"Public servant" is defined as "any officer or employee of any branch of government, whether elected, appointed, or otherwise employed, and any person participating as advisor, consultant, or otherwise, in performing a governmental function, but the term does not include jurors or witnesses." HRS §§ 710-1000; 710-1040(c). Roy Okamoto's alleged offer of $2,500 to Plaintiff's tenant was not a bribe — the Complaint does not allege that Plaintiff's tenant was a public official or that the offer related to a public servant's official capacity.

There is also clearly no plausible allegation of a robbery. According to the Complaint, Roy Okamoto entered the house and "sifted through the tenant's belongings," Compl. at 2, but there is no allegation that he used force, or threatened to use force against another person. *See* HRS §§ 708-840 and 708-841.

Likewise, the Complaint fails to allege the basis for a state extortion offense. The Complaint mentions extortion only once, and makes no attempt to explain how any of the Defendants' actions constitute extortion under HRS §§ 707-764 to 707-766.

Finally, the Complaint provides no basis for the court to conclude that Okamoto Realty was an enterprise, or that Defendants, through a pattern of racketeering activity, caused injury to Plaintiff's business or property.

///

///

# V. CONCLUSION

Based on the foregoing, the court finds that Plaintiff fails to state a RICO claim; therefore, the Complaint is DISMISSED. Where a complaint is dismissed, leave to amend generally is granted unless further amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, because of Plaintiff's pro se status, the court finds that it is in the interests of justice to permit her an opportunity to amend the Complaint to state a RICO claim, if possible. *See, e.g.*, *Akhtar*, 698 F.3d at 1212.

Plaintiff is given leave until September 4, 2018 to file an amended complaint. If Plaintiff chooses to amend, she must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. And the amended complaint must be designated as a "Second Amended Complaint."

An amended complaint generally supersedes prior complaints. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); Local Rule 10.3 (requiring that an amended complaint be complete in itself without reference to any prior pleading). That is, an amended complaint may not incorporate any part of the original Complaint, but rather, specific Defendants must be renamed in the caption, and any specific allegations must be retyped or rewritten in their entirety. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir.

2012) (en banc) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled.").

Failure to file a Second Amended Complaint by September 4, 2018 will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Sommers v. Okamoto, et al.*, Civ. No. 16-00558 JMS-KJM, Order Regarding Defendants' Motion For Summary Judgment (Which the Court Construes as a Motion to Dismiss), ECF No. 79

11